Isaac J. Vanderwerker and John Snyder, *Survivors v.* The Vermont Central Railroad Company.

## Contract.

One Belknap contracted in writing, with the defendants to build their railroad, and the plaintiffs sub-contracted, in writing, with Belknap to build particular portions of it. By both contracts the work was to be done to the satisfaction and acceptance of the engineer of the defendants, and no claim was to be made or allowed for extra work, unless it was performed under written contracts or orders signed by the engineer. The plaintiffs, in the execution of their contract with Belknap, had made an excavation for a bridge, agreeably to the directions of the engineer, and had left it as finished; the engineer found it necessary to have the excavation enlarged and ordered it done. The plaintiffs made the enlargement, but no contract was made between them and the defendants in reference to it;—and it was *held* that there was no ground for implying or presuming a contract; and that consequently the plaintiffs could not recover of the defendants therefor.

So far as the work was extra, there could be no recovery for it, even under Belknap's contract, there having been no written order of the engineer.

The fact that the defendants had paid similar claims to other persons would not affect their liability to the plaintiffs if it was not known to them at the time they did the work, and had no influence in inducing them to do it.

BOOK ACCOUNT. The first item in the plaintiff's account was a charge under date of September, 1847, for " extra work for bridge abutment, Sec. 4, on Burlington point, rock excavation, $139.50," in reference to which, the auditor reported the following facts :—Two contracts in writing were entered into between the defendants and Sewell F. Belknap for the construction of the defendant's road, one dated in November, 1845, and the other in November, 1846, copies of which were annexed to his report. On the 25th of August, 1846, the plaintiffs, with one James Vanderwerker, since deceased, entered into a written agreement with said Belknap for the construction and excavation of a part, to wit, sections 3, 4, 5 and 6, of division No. 1 of said road, a copy of which contract was also annexed. The plaintiffs commenced their work and continued it under said contract, until the 1st of July 1849, when said Belknap deceased ; during this time the work performed by them was measured and estimated by the defendants' engineer and entered to the credit of Belknap under his contract ; and payments were made to him therefor from time to time and for such work so done by the plaintiffs for said Belknap, under their contract with him, they made no claim on the defendants ;—but they claimed the items in their account as being for work done and for materials furnished by them during said time beyond and independent of and not included in their contract with Belknap. After the plaintiffs had made a rock excavation for a bridge, agreeably to the directions of the defendants' engineer, and had left that section as finished, the defendants' engineer found it necessary to have that excavation enlarged, and ordered the same done, which work the plaintiffs performed in 1847. This whole work was entered by the defendants to the credit of Belknap under his contract ; and no contract was made between the defendants and plaintiffs in reference to this service, and no claim therefor, in writing, or otherwise was ever made by the plaintiffs on the defendant until the first part of the year 1850. The price charged by the plaintiffs was a reasonable one, if they were entitled by law to recover ; and it was shown, though objected to by the defendants, that the defendants,

during the construction of their road, often, by their engineers, employed or directed sub-contractors to perform extra work, that is, work not included or provided for in the contract, and settled therefor without a written contract having been made or a written claim presented in any given time; and it was further shown that when excavations were enlarged from the first plan, no more than contract price was paid.

The written contracts between Belknap and the defendants, and between the plaintiffs and Belknap, provided that the contractors should perform the work to the satisfaction and acceptance of the engineer of the defendants, and a part, of the fifteenth specification in each of said contracts was as follows, viz: "nor shall any claim " be made or allowed for extra work, unless the same shall have " been done in pursuance of written contracts or orders signed by " the engineer."

The other items in the plaintiff's account being regarded, by the supreme court, as of the same character and subject to the same objections with the first, it becomes unnecessary to state the facts reported by the auditor in reference to them.

Upon the report of the auditor, the county court, November Term, 1854,—PECK, J., presiding,—rendered judgment, *pro forma*, for the plaintiff for the largest sum reported by the auditor. Exceptions by the defendants.

*Phelps & Chittenden*, for the defendants.

1. All the work charged in the plaintiff's account was done under their contract with Belknap and upon his credit, and was never chargeable to the defendants. It was credited and paid by the defendants to Belknap under their contract with him. No contract between the plaintiffs and defendants is shown, nor was any claim made by the plaintiffs upon the defendants until three years after the performance of the work. The plaintiff's claim is also barred by the fifteenth specification in their contract.

5. The evidence as to contracts of the defendants with other parties was inadmissible—and immaterial in the present case.

*W. W. Peck* and *E. Harvey*, for the plaintiff.

When the original abutment was finished, Belknap's contract for

it with the defendants was performed; the enlargement was new work, not embraced in the contract, and the crediting it to Belknap was a mistake.

The power of the engineers to contract with the plaintiffs appears from the practice of the defendants' engineers to make contracts for new work.

A promise by the defendants, as an inference of fact from the auditor's report, can only be made by the county court. *Abbott* v. *Camp*, 23 Vt. 650, and if the. report contain evidence or facts, tending to show such promise and the county court has rendered judgment in accordance with such testimony, its judgment will not be disturbed, there being no error as to the law appertaining to the fact found, or presumed to have been found by it. Though their judgment was *pro forma*, the supreme court are not thereby made a court of error on the facts. *Harrington* v. *Edson*, 24 Vt. 555. *Birchard & Moulton* v. *Palmer*, 18 Vt. 203. *Stone et als.* v. *Camp*, 16 Vt. 546. *Hodges et als.* v. *Hosford*, 17 Vt. 615.

The opinion of the court was delivered at the circuit session, in September, 1855, by

REDFIELD, CH. J. This is an action of book account to recover for work and materials expended in the construction of the defendants' road.

The plaintiffs' contract for doing the work was in writing, and with Belknap exclusively. They claim to recover of defendants on the ground that they did the work charged, beyond and aside of their contract with Belknap, by direction of defendants' engineers.

The first item is for extra rock excavation for bridge abutment, $139.50. The auditor reports, "No contract was made between the defendants and plaintiffs in relation to this service, nor was any claim therefor, in writing, or otherwise, ever made by the defendants upon the plaintiffs, till 1850." The work was done in 1847, by reason of an alteration in the engineer's first plan, and after the excavation had been made according to the first plan and the work left. The charge is reasonable.

It seems to us that this claim is in principle precisely similar to that made in *Thayer* v. *same defendant*, 24 Vt. 440, and to some of the claims made in *Herrick* v. *same defendant*, decided at the last

term in Washington county. It was there held that the written contract between the claimant and Belknap, would not preclude the recovery against the company, not being between the same parties, but that the difficulty in allowing a recovery directly against the company, for such extra work ordered by their engineers, was, that there not only was no written contract between the parties, but no contract whatever, either express or implied, and not the remotest ground of implying any such contract or expectation between the parties, at the time the service was performed. The whole claim against the company, is altogether an afterthought. No one one could for a moment, be led into any misapprehension as to the extent of the engineer's authority to charge the company by varying the existing contracts, or making new ones. The engineers were there for no such purpose, they had no such agency, except under specific limitations and restrictions, and they did not, as to this item, assume to do any such thing. They doubtless had the right, under Belknap's contract with the company, to order the alteration, and the plaintiffs, no doubt, felt bound to perform the order, under their contract with Belknap, and did perform it, expecting at the time to look exclusively to Belknap.

All the items of account in this case, seem to be of the same character, and to have been, as far as they form just claims against any one, properly chargeable to Belknap under the plaintiffs' contract with him, and in no sense properly chargeable to defendants. So far as they were extra work, even under Belknap's contract with the plaintiffs, there could be no recovery against him, there having been no written order of the engineer, and as directly between the parties to this suit, there could be no recovery, there being no contract, either express or implied, and no circumstances from which any such contract can be presumed. The fact, that defendants had paid similar claims to other persons, will certainly not bind them to pay this, unless that fact had been known to the plaintiffs at the time of doing the work, and operated to induce them to confide in the authority of the engineers, nothing of which appears in the case.

Judgment of the county court reversed, and judgment on report for defendants.